# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAMON HALL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MUSKOGEE, *et al*,<br><br>Defendants. | Case No. CIV-15-060-RAW |

## ORDER & OPINION

Plaintiff filed his Amended Petition in the District Court for Okmulgee County, Oklahoma on January 13, 2015, bringing claims against Gary McCollum and others for excessive force in violation of the Oklahoma Constitution and for unlawful entry, seizure and arrest and excessive force in violation of the Fourth Amendment of the United States Constitution. Defendants removed the action to this court on February 12, 2015. On February 27, 2015, Mr. McCollum filed a motion to dismiss for failure to state a claim [Docket No. 10]. This case was transferred to the undersigned on July 2, 2015.

In his motion to dismiss, Mr. McCollum argues that: (1) Plaintiff's state law excessive force claim must be dismissed pursuant to Perry v. City of Norman, 341 P.3d 689 (Okla. 2014); (2) Plaintiff's Fourth Amendment claims of unlawful search and seizure, entry and arrest must be dismissed pursuant to the doctrine of collateral estoppel and Heck v. Humphrey, 512 U.S. 477 (1994); (3) Plaintiff fails to state a claim for a Fourth Amendment violation; and (4) Mr. McCollum is entitled to qualified immunity as to Plaintiff's 42 U.S.C. § 1983 claims.

1

**FACTS AND ALLEGATIONS**[1]

Plaintiff alleges that on January 25, 2013, he was at home with his roommate Michael Riley around 6:00 p.m. when he noticed several law enforcement vehicles pull into his driveway. He observed several individuals, including Defendant, walk onto his porch through the latched swinging gate. They began aggressively knocking on the front door. Someone said that they were from the District Attorney's office and that he needed to open the door. Plaintiff responded through the door that he does not open his door to people. Then someone yelled "Mike Riley." Plaintiff then went and brought his roommate from the back of the house. His roommate cracked the door and stepped onto the porch. Plaintiff then attempted to close the door, but Defendant placed his foot in the door to prevent Plaintiff from closing it.

Plaintiff asked Defendant if he had a warrant. Defendant then told Plaintiff to step outside. Plaintiff declined and repeatedly tried to close his front door, but Defendant prevented him from closing it. Then without cause Defendant lunged into the home and tackled Plaintiff to the ground. Defendant directed another officer to use his taser on Plaintiff. The officer complied. The two officers then flipped Plaintiff to his stomach and pulled his left leg to his back causing him excruciating pain. Plaintiff was placed in handcuffs and charged with obstruction of justice.

Prior to the events alleged, on October 5, 2012, a misdemeanor warrant was issued for Michael Riley. Docket No. 10, Exh. 1.[2] After the events alleged, an Information was filed

---

[1] For clarity and consistency herein, when the court cites to the record, it uses the pagination assigned by CM/ECF.

[2] As argued by Defendant in its motion and not contested in Plaintiff's response, the court may take judicial notice of public records that relate directly to this case without converting Defendant's motion to dismiss into a motion for summary judgment. Tal v. Hogan, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). Of course, the court considers the documents only to show their contents, not to prove the truth of the matters asserted therein. Id.

against Plaintiff in the Okmulgee County District Court in Oklahoma, case number CM-13-127, alleging one count of obstructing an officer, to wit: "on or about the 25th day of January, 2013, by obstructing one Gary McCollum whom the defendant knew to be an officer with the District Attorney's Office, in the performance of said officer's duty by obstructing Gary McCollum from arresting Mike Riley on a warrant by pushing the door closed on the officer." Docket No. 20, Exh. 2, p. 1. On October 11, 2013, Plaintiff pleaded guilty in case number CM-13-127 to obstructing an officer. Id. at 3. Judgment was entered against Plaintiff in that case on October 16, 2013. Id. at 4.

**MOTION TO DISMISS**

For purposes of the motion to dismiss, the court accepts as true all of the factual allegations in the Amended Petition and construes those facts in the light most favorable to Plaintiff. See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1284 (10th Cir. 2008). Of course, the court does not accept as true conclusory statements or legal conclusions. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must nudge his "claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

> [T]he Twombly / Iqbal standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and

conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do. In other words, Rule 8(a)(2) still lives. Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

Burnett v. Mortgage Elec. Registration Sys., Inc., 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)).

**State Law Claim**

In his Amended Petition, citing Bosh v. Cherokee Cnty. Gov'tal Bldg. Auth., 305 P.3d 994 (Okla. 2013), Plaintiff includes an excessive force claim in violation of the Oklahoma Constitution. Defendant argues that the Oklahoma Supreme Court held in Perry v. City of Norman, 341 P.3d 689 (Okla. 2014) that when a remedy exists under the Governmental Tort Claims Act, that is the exclusive remedy; thus, the Bosh claim fails. In his response to the motion to dismiss, Plaintiff states that he is not pursing his Bosh claim. Accordingly, the motion to dismiss is moot as to this claim.

**Federal Fourth Amendment Claims**

*I.     Collateral Estoppel*

"Collateral estoppel bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." Moss v. Kopp, 559 F.3d 1155, 1161 (10th Cir. 2009). Defendant argues that Plaintiff had a full and fair opportunity to litigate the issues of his Fourth Amendment claims of unlawful seizure inside the home, entry, and arrest at the state criminal proceedings. Defendant has the burden of establishing issue preclusion. Gouskos v. Griffith, 122 Fed.Appx. 965, 974 (10th Cir. 2005). The Tenth Circuit has noted that "[w]hen a false-arrest defendant desires to use facts from a previous suit prosecuted in a different court system for issue preclusion, Oklahoma law requires the defendant to submit a complete record of the previous

case, including *all* the preliminary hearing transcripts, so that the trial court in the false-arrest case can fully review the previous record . . . ." Id. (emphasis in original). Failure to submit the entire record is fatal to the collateral estoppel defense. Id.

Defendant submitted the Information, the Court Minute of the guilty plea and the Judgment and Sentence. To the court's knowledge, this is not the entire record of the previous case. Accordingly, at this time, the motion is denied as to this issue. The court would re-assess this issue if Defendant's counsel were to submit the entire record and an averment that it is such. Nevertheless, as these claims are dismissed below, that is not necessary.

## II. *Heck v. Humphrey*

Defendant argues that Plaintiff's Fourth Amendment claims of unlawful seizure inside the home, entry, and arrest are barred by Heck v. Humphrey, 512 U.S. 477 (1994). The United States Supreme Court held in Heck that "in order to recover damages . . . for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been" reversed, expunged, declared invalid or called into question by the issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Id. at 486-87. The court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 487.

The Tenth Circuit has held that when "there is no disconnect between the arrest and the crimes for which [a § 1983 plaintiff] was convicted," Heck applies. Bryner v. Utah, 429 Fed.Appx. 739, 744 (10th Cir. 2011). In Bryner, as here, the plaintiff's conviction "*arose from his interactions with the [officers] that he now challenges.*" Id. (emphasis in original). Plaintiff

5

argues that he did not obstruct the officers' arrest of his roommate and that therefore Defendant and the other officers had no reason to come into his home and arrest him, thus seeking "to undermine the elements of the crime[] for which he was arrested and convicted." Id. Accordingly, Heck applies. Plaintiff's Fourth Amendment claims of unlawful seizure inside the home, entry, and arrest against Mr. McCollum are hereby dismissed.

## III.     *Failure to State a Claim*

Defendant argues that Plaintiff has failed to state a Fourth Amendment claim. Plaintiff claims that after his roommate, for whom Defendant had a warrant, went out onto their front porch, Plaintiff tried to close the door to his home. He claims that Defendant then, without cause, put his foot in the threshold to keep the door open. He claims that Defendant further still without cause lunged into his home, tackled him, had him tased and then pulled his foot up to his back causing him excruciating pain. While the court dismissed claims I – IV pursuant to Heck, the Amended Petition meets the Twombly/Iqbal standards. Accordingly, the excessive force claim remains.

## IV.     *Qualified Immunity*

Qualified immunity balances two very important interests – "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Pearson v. Callahan, 555 U.S. 223, 231 (2009). Qualified immunity is "an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial." Id. (citing Michell v. Forsyth, 472 U.S. 511, 526 (1985)).

When a defendant raises a qualified immunity defense, the court employs a two-part test. "In resolving a motion to dismiss based on qualified immunity, a court must consider whether

6

the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct." Brown v. Montoya, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting Leverington v. City of Colorado Springs, 643 F.3d 719, 732 (10th Cir. 2011)).[3]  "Whether a right is 'clearly established' is an objective test: 'The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" Id. (quoting Stearns v. Clarkson, 615 F.3d 1278, 1282 (10th Cir. 2010).  "In order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." Id. (quoting Stearns v. Clarkson, 615 F.3d 1278, 1282 (10th Cir. 2010).

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions.  When properly applied, it protects 'all but the plainly incompetent or those who knowingly violate the law.'"  Ashcroft v. al-Kidd, 131 S.Ct. 2074, 2085 (2011) (citation omitted).  Qualified immunity protection will apply regardless of whether the officer's mistake is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact."  Pearson, 555 U.S. at 231.

Of course, as the court has stated above, at this stage, the court must accept as true the allegations in the Amended Petition.  Again, Plaintiff alleges that after the person for whom Defendant had a warrant stepped outside, *without cause* Defendant stuck his foot in the threshold of Plaintiff's home, lunged into the home, tackled Plaintiff, had him tased and pulled his foot to

---

[3] District courts are permitted to exercise "sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  Pearson, 555 at 236.

his back causing excruciating pain. It would be clear to a reasonable officer that lunging into an individual's home and assaulting him without cause is unlawful.[4] Nevertheless, claims I – IV are barred by Heck.

As to the excessive force claim, again, the court must accept Plaintiff's allegations as true. An officer violates an individual's right to be free of excessive force if his actions are not "objectively reasonable" in light of the circumstances. Olsen v. Layton Hills Mall, 312 F.3d 1304, 1314 (10th Cir. 2002) (citation omitted). Whether an officer acted reasonably is "heavily fact dependent." Id. Consequently, "a qualified immunity defense is of less value when raised in defense of an excessive force claim." Id. (citation and brackets omitted). Under the facts alleged, Defendant is not entitled to qualified immunity; thus, the excessive force claim remains.

**CONCLUSION**

Accordingly, Gary McCollum's motion to dismiss [Docket No. 10] is hereby MOOT in part, GRANTED in part and DENIED in part. It is moot as to the state law claims, granted as to the Fourth Amendment unlawful entry, seizure and arrest claims, and denied as to the Fourth Amendment excessive force claim.

**IT IS SO ORDERED** this 5th day of August, 2015.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**

---

[4] "An entry into the home is unlawful when there is neither a warrant nor probable cause and when the purported exigency is not one that would cause a reasonable officer to believe that someone inside the home was either an imminent threat to others or was [himself] in imminent danger." United States v. Kerns, 663 F.3d 1173, 1191 (10th Cir. 2011). According to the Amended Petition, none of these were present, as the person for whom the warrant was issued was already outside and Plaintiff had done nothing to present a threat.